S. F. KNIGHT v. THE BOARD OF COUNTY COMMISSIONERS OF CASS COUNTY, NORTH DAKOTA, ARTHUR G. LEWIS, AS COUNTY AUDITOR OF CASS COUNTY, AND M. S. MAYO, AS TREASURER OF CASS COUNTY, C. P. WALKER, F. P. WALKER AND J. F. WALKER, AND J. P. HARDY, COPARTNERS, AS WALKER BROS. & HARDY.

Opinion filed June 5, 1905.

**Counties — Purchase of Supplies.**

1. The purchasing of blank books, blanks and stationery for the use of county officers is to be made by a committee consisting of the county treasurer, county auditor and chairman of the board of county commissioners, pursuant to section 1906, Rev. Codes 1895, as amended by chapter 59, p. 69, Laws 1899.

**Competitive Bids.**

2. The purchase of blank books, blanks and stationery for the use of county officers need not be made under competitive bids under section 1925, Rev. Codes 1895, as amended by chapter 59, p. 69, Laws 1899.

**Injunction.**

3. The allegations of the complaint considered, and *held* not to state a cause of action for an injunction against the board of county commissioners to prohibit it from carrying out the terms of a contract for the furnishing of blank books, blanks and stationery to the county officers, although the power to enter into such contract is not vested in such board.

Appeal from District Court, Cass county; *Pollock, J.*

Action by S. F. Knight against the board of county commissioners of Cass county, and others. Judgment for defendants, and plaintiff appeals.

Affirmed.

*Morrill & Fowler,* for appellant.
*Seth W. Richardson* and *W. H. Barnett,* for respondents.

MORGAN, C. J. This action involves the power of the county commissioners to enter into contracts for furnishing blank books, blanks and stationery to the various county officers. The board of commissioners of Cass county advertised for bids to furnish such supplies, and in such advertisement it was stated that "schedules and other necessary information may be had on application to the county auditor after March 23, 1904." The Knight Printing Company and the firm of Walker Bros. & Hardy filed bids for fur-

nishing such supplies, and after consideration of both bids the board accepted the bid of Walker Bros. & Hardy, as the lowest bid. The board thereafter entered into a contract with said Walker Bros. & Hardy for the furnishing of such supplies. The plaintiff, as a taxpayer of Cass county, brought this action to enjoin the board and the county auditor and county treasurer from carrying out the provisions of said contract. The complaint alleges that the board of commissioners had no power to enter into such contract, for the reason that the proposal for bids did not contain sufficient facts and specifications as to the amount of books, blanks and stationery that would be required by the county, and that no competitive bids could be lawfully made, and no contract lawfully entered into, when based on bids in pursuance of such proposals, and that their action was for that reason ultra vires. The defendants demurred to the complaint on the ground that the facts stated therein do not constitute a cause of action. The demurrer was sustained by the court, and plaintiff appeals from the order sustaining the same.

The plaintiff's contention is that, the proposal for bids being silent as to the amounts required of the various articles, there can be no intelligent bidding, and therefore no competitive bidding, within the meaning of section 1925, Rev. Codes 1895, as amended by chapter 59, p. 69, Laws 1899, and that the contract was therefore void, having been entered into without authority of law. The contention involves a construction of sections 1906, 1925, Rev. Codes 1895, as amended by chapter 59, p. 69, Laws 1899. Section 1906, Laws 1895, prescribes as follows: "In addition to the powers hereinbefore mentioned such board shall have power: * * * (4) To furnish the necessary blank books, blanks and stationery for the clerk of the district court, county auditor, register of deeds, county treasurer, county judge, sheriff and state's attorney of its county, to be paid out of the county treasury; also a fire proof safe, when in its judgment the same shall be advisable, in which to keep all the books, records, vouchers and papers pertaining to the business of the board." In 1899 the legislature amended said section 1906 by adding thereto the following provision: "Provided, that the county auditor, county treasurer and the chairman of the board of county commissioners together shall constitute a committee, empowered and required to purchase and provide all necessary blanks, books and other stationery for the use of all county officers in their official capacity." The plain effect of this amendment is to

take from the board of county commissioners the power of purchasing blanks, blank books and stationery, and to vest that power in a committee composed of the county auditor, county treasurer and chairman of the board. The language is explicit. It clearly places that matter in their hands. It says that they shall be a committee "empowered and required to purchase and provide all necessary blanks," etc. This amendment takes from the commissioners all power in regard to the purchasing of such supplies. The appellant's contention that this amendment confers upon the committee only the power to determine the amount of supplies to be purchased, and that it does not authorize it to make contracts for such supplies, cannot be sustained. The committee is authorized to purchase such supplies, which necessarily includes the right to make contracts for them.

Appellant contends further than the committee is not authorized to purchase such supplies by contract unless proposals for bids are first made. This depends upon the construction of section 1925, Rev. Codes 1895, as amended by chapter 59, p. 69, Laws 1899. Said section 1925 reads as follows: "The board shall cause an advertisement for bids. * * * The provisions of this section shall apply to all contracts for fuel, stationery and all other articles for the use of the county, or labor to be performed therefor, when the amount to be paid for the same during any year exceeds the sum of one hundred dollars; provided, that in all such cases advertisement for bids need not be for more than three consecutive weeks in some weekly newspaper published in such county, and provided, also, that all contracts for the furnishing of stationery, blank books and supplies generally for all county officers shall be let at the first regular meeting in April to run for the period of one year." Said section 1925 was amended in 1899 by leaving out of the section all reference to contracts for stationery, blanks and blank books. The section, as amended in this particular, now reads as follows: "The provisions of this section shall apply to all contracts for fuel and all other articles for the use of the county * * * when the amount * * * exceeds one hundred dollars." Ordinarily this language would be construed to include within its general terms stationery and books, as within "all other articles for the use of the county." But considered in connection with the terms of section 1925 before its amendment, it is clear it was the legislative intent to exclude stationery from the articles to be purchased by the board after

competitive bids. It is only such articles as are purchased by the board that contracts must be let to the lowest bidder. The section imposes no such condition upon contracts for stationery or books purchased by the committee created under section 1906. That committee is not included within the restrictions of section 1925. This may or may not be judicious legislation, but that matter rests with the legislature, and not with the courts. There is no doubt in our minds as to the construction to be placed upon the law as amended. It clearly removes the power to purchase stationery from the board, and vests such power in a committee, and purchases by such committee are not to be made upon competitive bids, and are not within section 1925.

If the power to purchase stationery had not been taken from the board of county commissioners by section 1906, the board would not be subject to be restrained from entering into the contract in question upon this ground, as contracts for stationery and supplies are now included in the articles that must be procured upon competitive bids; hence the injunction is not sustainable, upon two grounds: (1) The purchasing power rests with the committee; (2) if it rested with the board, it is not to be exercised by proposals for bids.

The complaint alleges as the cause of action that the board has exceeded its authority, by contracting for books and stationery without proposals that are legal and sufficient on which to base bids. The appellant's argument is devoted to that theory of the case only. The case has been submitted and argued on that theory, so far as the records show. We shall not, therefore, consider the question raised on the oral argument in this court in reply to respondents' argument that the injunction should be granted at all events, for the reason that the board is acting unlawfully, and performing duties devolving upon others. We think the appellant is too late to raise that question, especially when the the question comes up upon a demurrer to the complaint. Hence it has not been considered.

The order is affirmed. All concur.

MR. JUSTICE ENGERUD, having been of counsel in the court below, did not sit in the above case; HON. CHARLES J. FISK, judge of the First Judicial District, sitting in his stead by request.